**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WEST BEND INSURANCE COMPANY,**

Plaintiff, Case No: 2:26-cv-13424

v

**PRIME DENTISTRY SOUTHFIELD, PLLC D/B/A DIXON FAMILY DENTAL,**

Defendant.
_____________________________________________/

KURT D. MEYER (P38205)
**GREGORY, MEYER & CHAPNICK, P.C.**
Attorneys for Plaintiff
340 E. Big Beaver Road, Ste. 520
Troy, MI 48083
(248) 689-3920/(248) 689-4560 – Fax
kmeyer@gregorylaw.com
_____________________________________________/

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW COMES** Plaintiff, West Bend Insurance Company ("West Bend"), by and through its attorneys, Gregory, Meyer & Chapnick, P.C., and submits the following Complaint for Declaratory Judgment:

## NATURE OF THE ACTION

This Declaratory Judgment action stems from a March 1, 2026 fire at the building where Defendant, Prime Dentistry Southfield, PLLC ("Prime") was operating a dental practice. West Bend had issued to Defendant a Commercial Lines Policy which was in force on the date of the fire and which, subject to all of the Policy's terms, conditions, limitations, and exclusions, insured against certain direct physical loss or damage to Defendant's Business Personal Property and loss of Business Income. West Bend has paid the full Policy limits on Defendant's Business Personal Property claim and there is no dispute concerning such claim.

A legal coverage dispute has arisen between the parties as to the construction of the Policy's Business Income Loss provisions and application of the Policy's Appraisal Condition. The parties dispute, *inter alia*, whether the Policy pays for the alleged projected income loss from employees who were not generating any income for the Defendant at the time of the fire and/or were not even employed with Defendant until after the fire, as well as, whether the Policy covers payroll expense for employees under contract under the Business Income coverage. In addition, the parties disagree on whether the Policy's Appraisal Condition may be invoked to compel appraisal of a Business Income Loss claim that is incapable of calculation for purposes of a binding appraisal award where the alleged loss is ongoing and the Period of Restoration which terminates such a claim still has six more months to run.

Finally, while Defendant has demanded appraisal of its unripe alleged Business Income Loss, the legal coverage questions must be resolved by the Court before any appraisal can proceed, should a factual dispute over the amount of loss still remains.

West Bend therefore seeks a declaration that:

a. The Policy's Business Income Loss provisions do not pay for an alleged "projected" loss of income based upon the insured having signed an employment contract with a dentist a few days before the loss where that dentist never commenced her practice with the insured, never saw a patient, and thus never generated any income for the insured prior to the loss;

b. The Policy's Business Income Loss provisions do not pay for an alleged "projected" loss of income from a hygienist assistant who was not employed by or working for the insured at the time of the loss but rather signed a contract with the insured after the loss;

c. The Policy's Business Income Loss provisions preclude coverage for the continuing payroll expenses of employees under contract; and

d. The Policy's Appraisal Condition does not apply to an allegedly ongoing Business Income loss months prior to the expiration of the Period of Restoration such that appraisal of the alleged loss is improper and premature where the insured business is operating and generating income rendering any award for a Business Income loss would partial and/or speculative and an award would, in violation of the Policy, risk imposing upon the insurer an obligation to pay in excess of the actual loss sustained.

## PARTIES

1. West Bend Insurance Company is a citizen and organized under the laws of the State of Wisconsin with its principal place of business at 1900 S. 18th Ave., West Bend, WI 53095 and which is authorized to do business in Michigan.

2. Defendant Prime Dentistry Southfield, PLLC d/b/a Dixon Family Dental ("Prime"), is a Michigan professional limited liability company with its principal place of business at 837 Forest Ave., Birmingham, MI 48009.

3. Upon information and belief, the sole member of Prime is Mohammed Saad, DDS who is a citizen of the State of Michigan.

## JURISDICTION AND VENUE

4. The Court has jurisdiction to order Declaratory Relief pursuant to 28 USC §2201 and §2202 and Federal Rule of Civil Procedure 57.

5. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this action because the controversy is between citizens of different states and the amount in controversy exceeds the minimum jurisdictional amount of $75,000, exclusive of interest and costs. Jurisdiction is also proper pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57 because an actual justiciable controversy exists between West Bend, on the one hand, and Prime Dentistry, on the other hand, concerning the parties' respective rights and liabilities under their insurance contract and this Court is

invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

6. Venue is proper under 28 U.S.C. §1391(b)(1) and (2) for purposes of issuing a declaratory judgment because Defendant had its principal place of business in the City of Birmingham, County of Oakland which is within this judicial district and the insurance policy at issue in this matter was issued under the laws of the State of Michigan.

## FACTUAL ALLEGATIONS

7. West Bend issued a Commercial Lines Policy, Policy No. A897342 04, with a policy period of April 14, 2025 – April 14, 2026 (the "Policy"), which identified Defendant Prime in the Named Insured Schedule subject to all of the terms, conditions, limitations and exclusions of the Policy. A certified copy of said Policy, which has been Bates stamped for easy reference, is attached as **Exhibit 1** and is incorporated in its entirety by reference as if fully set forth herein.

8. Subject to all Policy terms, limitations, exclusions, and conditions, the Policy provides separate coverage features for certain Business Personal Property ("BPP") and for Business Income Loss and Extra Expense ("BI Loss"), as set forth more fully below.

9. On or about March 1, 2026, Prime occupied Suite 210 in a commercial building, known as the Advance Building, located at 23077 Greenfield Rd., Southfield, MI 48075.

10. On or about March 1, 2026, a fire occurred on the third floor of the subject building which caused building damage and which limited access to the building and thus to Prime's leased suite on the floor below.

11. West Bend received notice of the fire and limited tenant access to the building on or about March 3, 2026.

12. West Bend promptly commenced a claim investigation under a full and continuing Reservation of Rights.

13. On or about March 3, 2026, Prime resumed its operations subleasing the fully equipped offices of an affiliated existing dental practice, Vanker and Saad, PLLC, located at 837 Forest Ave., Birmingham, MI (**Exhibit 2**).

14. On or about March 11, 2026, West Bend issued a $50,000 payment to Defendant and its Public Adjuster Globe Midwest representing an advance payment toward loss or damage to covered BPP under the Policy's BPP property coverage feature, Section I-Property (**Exhibit 1**, Policy 023; **Exhibit 3**, 3/11/2026 corresp.).

15. West Bend paid an additional $512,600 on or about July 10, 2026 representing the Actual Cash Value of the BPP loss, for a total payment of $562,600 which is the Policy limit for this coverage feature (**Exhibit 4**, 7/10/2026 corresp.).

16. Birmingham Dentistry also notified West Bend it would be seeking Business Income Loss and Extra Expense coverage under the Policy.

17. The Policy's Businessowners Coverage Form, as amended by the Businessowners Amendment Endorsement (Form WB 2077 11 24), provides in pertinent part as follows:

> **f. Business Income**
>
> **(1) Business Income**
>
> **(a)** We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.
>
> With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:
>
> **(i)** The portion of the building which you rent, lease or occupy;
>
> **(ii)** The area within 100 feet of the building or within 100 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss or damage to personal property in the open or personal property in a vehicle); and
>
> **(iii)** Any area within the building or at the described premises, if that area services, or is used to gain access to,

the portion of the building which you rent, lease or occupy.

**(b)** We will only pay for loss of Business Income that you sustain during the "period of restoration" and that occurs within 12 consecutive months after the date of direct physical loss or damage.

**(c)** Business Income means the:

**(i)** Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as a result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses; and

**(ii)** Continuing normal operating expenses incurred, including payroll.

**(d)** Ordinary payroll expenses:

**(i)** Means payroll expenses for all your employees except:

**i.** Officers;

**ii.** Executives;

**iii.** Department Managers;

**iv.** Employees under contract; [**Exhibit 1**, POLICY 028-029, 104]

18. The Policy contains the following pertinent definitions:

**H. Property Definitions**

***

**8.** "Operations" means your business activities occurring at the described premises.

**9.** "Period of restoration":

**a.** Means [as modified by the Business Income

Changes-Time Period Endorsement] the period of time that:

**(1)** Begins:

**(a)** Immediately after the time of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises; or

**(b)** Immediately after the time of direct physical loss or damage for Extra Expense Coverage;

caused by or resulting from any Covered Cause of Loss at the described premises; and

**(2)** Ends on the earlier of:

**(a)** The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

**(b)** The date when business is resumed at a new permanent location.

***

**15**. "Employee"

**a.** "Employee" [as amended by the Property Additional Coverages and Coverage Extensions Endorsement] means:

**(1)** Any natural person:

**(a)** While in your service or for 30 days after termination of service;

**(b)** Who you compensate directly by salary, wages or commissions; and

**(c)** Who you have the right to direct and control while performing services for you; [**Exhibit 1**, POLICY055-56, 081, 166-167]

19. The Policy contains the following Appraisal Condition:

> **E. Property Loss Conditions**
>
> ***
>
> **2. Appraisal**
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and independent appraiser and notify the other of the appraiser's identity within 20 days after receiving a written request from the other. The two appraisers will select a competent and impartial umpire. If they cannot agree upon an umpire within 15 days, we or you may request that selection be made by a judge of the circuit court for the county in which the loss occurred or in which the property is located. The appraisers will state separately the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree within a reasonable time, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:
>
> **a.** Pay its chosen appraiser; and
>
> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim. [**Exhibit 1**, POLICY 046, 172]

20. On or about July 27, 2026, Prime submitted a partial and admittedly incomplete Sworn Statement in Proof of Loss limited to its separate and distinct Business Income Loss claim ("BIPOL") which states it is "partial," only applies to the first four months of the 12-month Period of Restoration, and is subject to "amend[ment]" and "further claims" (**Exhibit 5**).

21. The submitted BIPOL claims a loss of income based in part on "projected billable income" attributable to a dentist and a hygienist who were not employed by Prime, providing services to Prime's patients, and/or not generating any income for Prime prior to or at the time of the loss.

22. The projected business income claimed by Prime states it based on a projected increase in daily patients and their respective billable income attributable to Dr. Arielle Golden.

23. Upon information and belief, Dr. Golden had entered into a contract with Prime to work as an Associate Dentist on or about February 25, 2026 whose employment was to begin March 9, 2026 (**Exhibit 6**).

24. Upon information and belief, Dr. Golden did not commence her contracted employment duties, see or treat any patients, or provide any services to Defendant at any time prior to the March 1, 2026 fire, and no additional patients or billable income was generated by her at any time prior to, and inclusive of, the date of the fire.

25. Upon information and belief, on or about March 9, 2026, eight (8) days after the March 1, 2026, fire, Prime, under its d/b/a Dixon Family Dental, entered into an employment contract with Shontika Lloyd hiring Lloyd to act as a Dental Hygienist Assistant.

26. Upon information and belief, Shontika Lloyd, did not commence her employment and did not see or treat any patients, provide any services to, or generate any income on behalf of Defendant prior to the fire.

27. On or about August 25, 2026, West Bend rejected the BIPOL in part because the inclusion of the projected income from and payroll expenses for Dr. Golden and Shontika Lloyd did not fall within the Policy's Business Income Loss coverage provisions, including, but not limited to, f. Business Income, (1) Business Income, (a)-(c) (**Exhibit 7**, 8/25/2026 corresp.).

28. On or about July 28, 2026, Prime demanded appraisal of the value of its partial Business Income Loss claim covering only the first four months of the 12-Month Period of Restoration.

29. On or about August 17, 2026, West Bend named its appraiser but declined to submit the partially submitted Business Income Loss claim to appraisal for the reasons set forth in its August 17, 2026 correspondence (**Exhibit 8**, 8/17/2026 corresp.).

30. On or about August 25, 2026, West Bend once again advised Defendant that the Policy's Appraisal Condition did not apply because the parties' disagreement was not over the amount of the alleged Business Income Loss claim, but rather whether there was coverage for certain of the claimed elements of the loss under the

Policy and if appraisal of an alleged continuing loss was appropriate (**Exhibit 9**, 8/25/2026 corresp.).

**COUNT I: DECLARATORY RELIEF**

31. West Bend incorporates by reference the allegations in the foregoing paragraphs in their entirety as if fully restated herein.

32. There exists a genuine and bona fide dispute and an actual controversy and disagreement between West Bend on the one hand and Defendant on the other hand as to: (1) whether ¶5. Additional Coverages, f. Business Income (1) of the Policy covers an alleged loss of Business Income predicated on the alleged loss of income derived from employees who were not hired and/or performing services and thus not generating any income for the insured on the date of the fire; (2) whether the Policy precludes coverage for alleged payroll expenses of employees who are under contract; (3) whether the Policy's Appraisal Condition and Michigan law preclude appraisal prior to resolution of disputed legal coverage questions; and (4) whether the Policy's Appraisal Condition precludes appraisal of an admittedly partial and ongoing alleged Business Income Loss prior to expiration of the Period of Restoration.

33. Paragraph 5. Additional Coverages, f. Business Income (1)(a) states the Policy only pays for the actual loss of Business Income the insured sustains due to

the necessary suspension of its operations during the Period of Restoration (**Exhibit 1**, POLICY 028-029, 104).

34. Paragraph 5. Additional Coverages, f. Business Income (1)(b) states the Policy only pay for loss of Business Income that the insured sustains during the "period of restoration" and that occurs within 12 consecutive months after the date of direct physical loss or damage.

35. Paragraph 5. Additional Coverages, f. Business Income (1)(c) of the Policy defines Business Income to include, in pertinent part only: (1) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred; and (2) continuing normal operating expenses incurred, including payroll. (*Id.*).

36. Paragraph 5. Additional Coverages, f. Business Income (1)(d) of the Policy excludes from the definition of "ordinary payroll expenses" payroll expenses for employees under contract. (*Id.*).

37. Paragraph E. Property Loss Conditions, 2. Appraisal of the Policy states this Condition only applies if we [West Bend] and you [Birmingham Dentistry] "disagree on the amount of loss." (**Exhibit 1**, POLICY 172).

38. The Court must enforce the Policy terms as written.

39. The dispute over Policy construction entails resolution of legal questions which must be decided by the Court prior to submission of the Business Income Loss claim to an appraisal panel to decide the amount of loss.

40. Pursuant to 28 USC § 2201 and § 2202 and Fed. R. Civ. P. 57, West Bend seeks a judicial declaration from this Court: (1) determining that the Policy does not cover alleged Business Income loss based upon the projected revenue of future employees who were not providing services or generating any income for the insured on the date of loss and did not commence their employment until after the date of loss; (2) determining that Business Income coverage does not permit use of payroll expenses for employees under contract, including Dr. Golden and hygienist assistant Lloyd, in calculating alleged loss of Net Income; (3) determining that the Policy does not mandate appraisal of a partial and ongoing alleged loss, the amount of which cannot be determined with any degree of certainty or exactitude until the expiration of the Period of Restoration.

41. A declaratory judgment will terminate any uncertainty and controversy among the parties concerning the disputed issues.

**WHEREFORE**, Plaintiff, West Bend Insurance Company, respectfully requests that this Honorable Court declare the rights of the parties as follows:

a. The Policy's Business Income Loss provisions do not pay for an alleged "projected" loss of net income based upon the insured having signed an employment contract with a dentist a few days before the loss for future

employment beginning after the loss and where that dentist never commenced her practice with the insured, never saw a patient, and thus never generated any income for the insured prior to the loss;

b. The Policy's Business Income Loss provisions do not pay for an alleged "projected" loss of net income from a hygienist assistant who was not employed by or working for the insured at the time of the loss but rather signed a contract with the insured after the loss for future employment;

c. The Policy's Business Income Loss provisions preclude coverage for the continuing payroll expenses of employees under contract;

d. The Policy's Appraisal Condition does not apply to an allegedly ongoing Business Income loss months prior to the expiration of the 12-month Period of Restoration such that appraisal of the alleged loss is improper and premature where the insured business is operating and generating income rendering any award for a Business Income loss would partial and/or speculative and an award would, in violation of the Policy, risk imposing upon the insurer an obligation to pay in excess of the actual loss sustained; and

e. Grant West Bend such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Respectfully submitted,

/s/ Kurt D. Meyer
KURT D. MEYER
**GREGORY, MEYER & CHAPNICK, P.C.**
Attorneys for Plaintiff
340 E. Big Beaver Road, Ste. 520
Troy, MI 48083
(248) 689-3920/(248) 689-4560 -Fax
P38205
kmeyer@gregorylaw.com

Dated: September 9, 2026